IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH DARNELL KELLY ) <br> ) <br> Plaintiff, ) <br> ) | Civil Action No.: 1:21-cv-2351-LKG |
| v. ) <br> ) | Dated: December 16, 2021 |
| ACTING WARDEN RONALD ) <br> SHANE WEBER, et al. ) <br> ) <br> Defendants. ) <br> ) | |

## MEMORANDUM

On October 5, 2021, counsel for the Division of Correction filed a response to this Court's Order to Show Cause why injunctive relief should not be granted in favor of Plaintiff. ECF No. 3. Upon review of the response, and for the reasons stated below, injunctive relief shall be denied. Further, in light of the objective evidence submitted, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e).[1]

**I.      Background**

The response, which is supported by verified medical records, establishes that Plaintiff's complaint regarding swelling in his right leg and foot was diagnosed and treated. Specifically, Plaintiff was first seen for his complaint of a swollen and painful foot on September 1, 2021, when Burnice Swan, RN came to his cell to examine him. When Swan arrived she observed Plaintiff standing on both feet without any sign of pain. Swan believed that Plaintiff did not know she was coming to his cell and when Plaintiff became "loud and belligerent" he was told his behavior was

---

[1] Plaintiff also failed to either pay the full filing fee or to file a motion seeking its waiver as directed by this Court on September 22, 2021. ECF No. 2 (Order).

viewed as threatening so that Swan could not enter the cell.  ECF No. 3-1 at 7.  Although the visit was terminated due to Plaintiff's behavior, Swan was able to observe that Plaintiff's legs appeared to be equal in size and that he was able to bear weight on the foot he had complained was hurting.  *Id*.  Dr. Asresahegn Getachew issued an order for an x-ray of Plaintiff's leg on September 1, 2021.  *Id*. at 9.

On September 8, 2021, Plaintiff was seen by Dr. Joginger Mehta to address his complaint that his right leg and foot were swollen.  ECF No. 3-1 at 10.  Dr. Mehta noted a slight discoloration to Plaintiff's ankle and swelling in his leg and foot.  *Id*.  Plaintiff did not complain about a spider bite to Dr. Mehta.  *Id*.  Dr. Mehta determined that Plaintiff should be sent to the Emergency Room to rule out a possible fracture or deep vein thrombosis.  *Id*.  During his visit to the Emergency Room, an ultrasound was performed on Plaintiff's leg which revealed he had deep vein thrombosis in his right leg.  *Id*. at 15.  When Plaintiff returned to the prison he was admitted to the infirmary and scheduled to see the provider in the morning to review his medications.  *Id*.

The following day, Plaintiff underwent a hemoccult stool test to address his complaints of blood in his stool.  ECF No. 3-1 at 18.  Later that day, Dr. Mehta met with Plaintiff and recommended he take an anti-coagulant and advised him to watch for blood in his stool or signs of active bleeding.  *Id*. at 19.

On September 10, 2021, Janette Clark, Nurse Practitioner, saw Plaintiff in the infirmary where she discussed his concerns with him and noted that if there was no evidence of an active gastrointestinal bleed, Coumadin should be started.  ECF No. 3-1 at 32.  Additional lab work was ordered, Lovenox injections were administered, and on September 11, 2021, Plaintiff was started on Coumadin.  *Id*. at 40.  Plaintiff remained on medication until September 14, 2021, when his

international normalized ratio (INR) reached acceptable levels and the Lovenox injections were no longer needed. *Id*. at 67. Plaintiff continued receiving a reduced dose of Coumadin. *Id*. at 70.

On September 15, 2021, Plaintiff was discharged from the prison infirmary to his regular housing unit. ECF No. 3-1 at 82. He was scheduled for an x-ray the following day, provided crutches for one week, and given copies of the orders to provide to correctional staff. *Id*. The dosage of Coumadin was monitored and modified as appropriate following his discharge from the infirmary. *Id*. at 82-87. Although Plaintiff continued to complain about pain in his right leg, the pain was caused by the circulation issue in his leg. *Id*. at 93.

Plaintiff's complaint in this Court was received on September 14, 2021, and the complaint was signed on September 2, 2021. ECF No. 1 at 14. Plaintiff claims the issue with his leg began on August 17, 2021, and the numerous sick-call slips he submitted did not result in an evaluation of his leg. *Id*. at 8. He claims his First, Eighth, and Fourteenth Amendment rights have been violated due to the "deliberate indifference to medical needs." *Id*. at 12. As relief, he seeks a declaratory judgment, injunctive relief, $1.5 million in compensatory damages, and $300,000 in punitive damages. *Id*. at 13. The injunctive relief Plaintiff seeks is an order requiring "the medical staff and all listed defendants to stop denying [him] medical treatment for [his] serious medical need." *Id*.

**II.     Standard of Review**

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be"). A party seeking a preliminary injunction or temporary restraining order must establish the following elements:  (1) a likelihood of success on the merits;

(2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Additionally, under 18 U.S.C. § 3626(a)(2):

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91 (2013) (internal quotation marks omitted). For a declaratory judgment to issue, there must be a dispute which "calls, not for an

advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures or regulations challenged were no longer in use. *See, e.g.*, *Tawwab v. Metz*, 554 F.2d 22, 23-24 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413, 417 (9th Cir. 1976); *Locke v. Bd. of Public Instruction*, 499 F.2d 359, 364-65 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670, 671-72 (2d Cir. 1972); *Uzzell v. Friday*, 401 F. Supp. 775, 779 (M.D.N.C. 1975), *aff'd in pertinent part*, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545, 547-48 (D. Del. 1975).

**III.   Analysis**

Plaintiff's requests for injunctive and declaratory relief are moot. He received treatment for the condition that caused his leg and foot to swell. There is nothing further that this Court may order the medical staff to do for Plaintiff. Accordingly, Plaintiff's requests for injunctive and declaratory relief are denied.

Moreover, the verified medical records submitted with the Show Cause Response refute Plaintiff's claim that his serious medical need was met with deliberate indifference. While it is

clear that Plaintiff was in fact suffering from a serious medical need, a constitutional claim in connection with medical care requires proof that the defendants were subjectively reckless in treating or failing to treat the condition. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Once the condition of Plaintiff's leg and foot became obviously serious and medical staff were aware of it, *i.e.*, on September 1, 2021, Plaintiff was sent to the Emergency Room. Nevertheless, Plaintiff filed his complaint with this Court the day following his trip to the Emergency Room. To adequately support a constitutional claim for failure to treat a serious medical need, the facts must demonstrate that the treatment rendered was so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer,* 511 U.S. at 837, *aff'd in pertinent part by Sharpe v. S.C. Dep't of Corr.,* 621 F. App'x 732, 733 (4th Cir. 2015) (per curiam); *see also Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *accord Anderson v. Kingsley*, 877 F.3d 539, 544-46 (4th Cir. 2017). In light of the objective evidence before this Court, Plaintiff cannot sustain his constitutional claims.

Under the provisions of 28 U.S.C. § 1915(e)(2), a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

this case, this Court has determined that the complaint fails to state a claim on which relief may be granted, requiring dismissal of the complaint.

    A separate Order follows.

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
